AMERICAN COUNCIL OF THE
BLIND, et al., Plaintiffs,

v.

Henry M. PAULSON, Jr., Secretary
of the Treasury, Defendant.

Civil Action No. 02–0864 (JR).

United States District Court,
District of Columbia.

Oct. 3, 2008.

Jeffrey A. Lovitky, Jeffrey A. Lovitky, Attorney at Law, Washington, DC, for Plaintiffs.

### MEMORANDUM

JAMES ROBERTSON, District Judge.

In *American Council of the Blind v. Paulson,* 463 F.Supp.2d 51 (D.D.C.2006), I "declared that the Treasury Department's failure to design, produce and issue paper currency that is readily distinguishable to blind and visually impaired individuals violates § 504 of the Rehabilitation Act." *Id.* at 63. The Court of Appeals affirmed that ruling and remanded the case "for the district court to address the request for injunctive relief." *American Council of the Blind v. Paulson,* 525 F.3d 1256, 1260 (D.C.Cir.2008).

The Treasury Department contends that injunctive relief is inappropriate and unnecessary: inappropriate because "courts should remand a case to an agency for decision of a matter that statutes place primarily in agency hands," *INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), and unnecessary because the Department "has already begun the process of determining how to provide meaningful access [to currency] ... [and] is committed to carrying this process to completion." Dkt. 88, at 4–5.

Neither objection is compelling. Remand might be the appropriate remedy

when an administrative decision is erroneous—as the Court held in *Ventura*—but not when the government has an established practice that violates the law. In such instances, in matters famous, *see Brown v. Board of Educ.,* 349 U.S. 294, 300, 75 S.Ct. 753, 99 L.Ed. 1083 (1955), and obscure, *see Henrietta D. v. Bloomberg,* 331 F.3d 261, 290 (2d Cir.2003), district courts are free to issue an injunction demanding compliance with the law.[1]

█ And while I do not question the Treasury Department's commitment to achieving compliance, the best-laid plans can be derailed by shifting priorities, limited resources, and the other vagaries of bureaucratic action. As I have noted, "[t]his Court has neither the expertise, nor, I believe, the power, to choose among the feasible alternatives, approve any specific design change, or otherwise to dictate to the Secretary of the Treasury how he can come into compliance with the law." *American Council of the Blind,* 463 F.Supp.2d at 62. But this Court does have the expertise and the authority to create goals and to hold the government to those goals. That is the purpose of this injunction.

The injunction order makes one significant change to the Treasury Department's proposed order. *See* Dkt. 88, Ex. 2. I have not included paragraph four, which gave the Secretary carte blanche to delay the issuance of accessible currency if s/he determined that a redesign was needed to address a counterfeiting threat. *Id.* at ¶ 4. If the Secretary needs relief from the injunction for that reason (or any reason), s/he can file a specific request, properly supported.

I have also not included certain provisions that the plaintiffs requested. The plaintiffs are concerned that the proposed order would permit the Treasury Department to furnish the visually impaired with external note readers, rather than modifying the currency itself. *See* Dkt. 89, at 5–6. I am not prepared at this point, on this record, to foreclose such an option. Plaintiffs also seek a public comment period following the release of defendant's semi-annual status reports. The Department has agreed to a public comment period after the contractor has completed his study and before the Department chooses a course of action; that should suffice.

\* \* \*

The injunction is granted by the order that accompanies this memorandum.

---

1. The Treasury Department also argues that an injunction would be inappropriate because it would the equivalent of mandamus, and mandamus is only permissible when a public official has violated a ministerial, rather than a discretional, duty. *See* Dkt. 88, at 6. But that claim is based on language from the plaintiffs' proposed order that is not in the Court's injunction order.